UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, DC

Reverend Franklin C. Reaves
803 Tucker Court
Mullins, SC 29574
(803) 464-6515

Fannie Melette
300 Fowler Street
Marion. SC 20571
(803) 431-6005

Lamar Melette
300 Fowler Street
Marion, SC 29571
(843)431-6005

Betty R. Davis
300 Fowler Street
Marion, SC 29571
(843)423-4629

Lewan Melette
300 Fowler Street
Marion, SC 29571
(843)431-6005

Susan Crawford
2104 McIntyre Road
Marion, SC 29571
(843)423-0403

Frances Huggins
1325 Old Stage Road
Mullins, SC 29574
(843)464-2338

David Frazier
910 Sumter Street
Florence, SC 29501

Michael Small
910 Sumter Street
Florence, SC 29501

CASE NUMBER  1:04CV01837
JUDGE: Paul L. Friedman
DECK TYPE: 3-Judge Court
DATE STAMP: 10/22/2004

CIVIL ACTION NO.

COMPLAINT

Beulah McCummings
3500 Godbolt Raod
Mullins, SC 29574
(843)464-0201

Moneik M. McCummings
3500 Godbolt Road
Mullins, SC 29574
(843)464-0201

Ashley T. McCummings
3500 Godbolt Road
Mullins, SC 29574
(843)464-0201


V

United States Department of Justice
Civil Rights Division Voting Section
930 Pennsylvania Avenue, NW
Washington, DC 20530

Attorney General John Ashcroft
U. S. Department of Justice
Civil Rights Division Voting Section
930 Pennsylvania Avenue, NW
Washington, DC 20530

Joseph D. Rich, Chief
U.S. Department of Justice
Civil Rights Division Voting Section
930 Pennsylvania Avenue, NW
Washington, DC 20530

United States Attorney
U. S. Department of Justice
930 Pennsylvania Avenue, NW
Washington, DC 20530

State of South Carolina
Attorney General Henry McMaster
Rembert C. Dennis Office Building
Post Office Box 11549

Columbia, SC 29211

## I. JURISDICTION

1. This is an action to enforce the Voting Rights Act of 1965, jurisdiction is invoked pursuant to 28 U.S.C.1331, 1343, and 1367; Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. 2201 and 2202; and by Rule 57 and 65, F.R. Civ. P. Venue is proper pursuant to 28 U.S.C. 1391(b).

## II. PARTIES

2. Plaintiff Reverend Franklin C. Reaves is a citizen of the United States residing in Senate District 30 in Marion County SC

3. Plaintiff Fannie Melette is a citizen of the United States residing in Senate District 30 in Marion County SC.

4. Plaintiff Lamar Melette is a citizen of the United States residing in Senate District 30 in Marion County SC.

5. Plaintiff Betty R. Davis is a citizen of the United States residing in Senate District 30 in Marion County SC.

6. Plaintiff Lewan Melette is a citizen of the United States residing in Senate District 30 in Marion County SC.

7. Plaintiff Michael Small is a citizen of the United States residing in Senate District 30 in Florence County SC.

8. Plaintiff Susan Crawford is a citizen of the United States residing in Senate District 30 in Marion County SC.

9. Plaintiff Frances S. Huggins is a citizen of the United States residing in

Senate District 30 in Marion County SC.

10. Plaintiff David Fraizer is a citizen of the United States residing in Senate District 30 in Florence County SC.

11. Plaintiff Jerry Mason is citizen of the United States residing in Senate District 30 in Marion County SC.

12. Plaintiff Dr. Tredwell Campbell is a citizen of the United States residing in Senate District 30 in Marion County SC.

13. Plaintiff Vestena Reaves is a citizen of the United States residing in Senate District 30 in Marion County SC.

14. Plaintiff Leroy Ellerbe is a citizen of the United States residing in Senate District 30 in Marion County SC.

15. Plaintiff Marshall Raiey is a citizen of the United States residing in Senate District 30 in Florence County SC.

16. Plaintiff Wilhelmina Pegues is a citizen of the United States residing in Senate District 30 in Marlboro County SC.

17. Plaintiff Beulah McCummings is a citizen of the United States residing in Senate District 30 in Marion County SC.

18. Plaintiff Authur McCummings is a citizen of the United States residing in Senate District 30 in Marion County SC.

19. Plaintiff Bessie Woodbury is citizen of the United States residing in Senate District 30 in Marion County SC.

20. Plaintiff Moniek M. McCummings is a citizen of the United States residing Senate District 30 in Marion County SC.

21. Plaintiff Pauline S. McCummings is citizen of the United States residing in Senate District 30 in Marion County SC.

22. Plaintiff Ashley T. McCummings is a citizen of the United States residing in Marion County SC.

23. Plaintiff Herbert Franklin is a citizen of the United States in Senate District 30 in Marion County SC.

24. Plaintiff Louise Franklin is citizen of the United States residing in Senate District 30 in Marion County SC.

25. Plaintiff Erica Crawford is a citizen of the United States residing in Senate Distric30 in Marion County SC.

26. Plaintiff Betty Pee is a citizen of the United States residing in Senate District 30 in Marion County SC.

27. Plaintiff Willie Johnson is a citizen of the United States residing in Senate District 30 in Florence County SC.

28. Defendant United States Department of Justice Civil Rights Division Voting Section is a federal government agency responsible for enforcing Sections 2 and 5 of the 1965 Voting Rights Act, as amended.

29. Defendant John Ashcroft is the Attorney General of the United States and is responsible for preclearance under Section 5 of the 1965 Voting Rights Act, as amended.

30. Defendant John D. Rich is Chief of the Voting Section.

31. Defendant State of South Carolina is a state in the United States.

## III. FACTS

32. Violation of the 1965 Voting Rights Act, as amended, occurs when the preclearance rules as defined by 28 C.F.R. Part 51 Subpart C– Contents of Submissions in complaince with the Voting Rights Act are violated to sabotage citizens' secured and protected constitutional rights under the Fifth and Fourteenth Amendments of the Constitution and federal laws, and voting rights under the Act, to expedit consideration preclearance of a change in South Carolina election laws. The violations found by Plaintiffs on September 24, 2004, after filing objection for preclearance of the election rules changes by citizens earlier, including Plaintiffs, after receiving information submitted to the United States Department of Justice Civil Rights Division Voting Section under a Freedom of Information Act, as amended, request that affected the outcome of the submission request for a change in election law.

33. If the history of the effort to end discrimination in voting in the United States tells anything, it is that, those who want to impede the right of some citizens to vote, and have the votes cast for the candidate of choice, will resort to many different stratagems and devices to accomplish that result.

34. As a result of false and misleading information submitted by South Carolina to the United States Department of Justice Civil Rights Division Voting Section, and the United States Department of Justice Civil Rights failure to investigate the information submitted for submission from South Carolina, the outcome of the request for preclearance was affected.

35. The South Carolina Democratic Party Executive Committee had no precleared

rule to over turn the June 8, 2004 Senate Primary Election.

36. That the 60 days review period has not expired and that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the change.

37. The Defendants have caused the "preclearance of voting change" from "false and misleading sources" in South Carolina Senate District 30 within the meaning of 28 C.F.R. Part 51 Subpart C-- Contents of Submissions. South Carolina is a " southern state" within the jurisdiction of Section 5 of the 1965 Voting Rights Act, as amended.

38. As African Americans, throughout our nation's history, minority voters have been victims of discrimination perpetrated under many rubics, including the employment of Democratic Party rules and procedures. As members of the Democratic Party we have looked to the Voting Rights Act of 1965, as a bulwark from such discriminatory rubrics, even when perpetrated by officials of the United States Department of Justice Civil Rights Division Voting Section.

39. This case strikes at the heart of the electoral process itself; the right to vote and the right to have that vote counted for the candidate of choice.

40. An election has no meaning, if either a state, or a statutorily sanctioned political party can unilaterally nullify the votes cast in that election for the candidate of votes choice.

41. The South Carolina Democratic Party rules at issue in this case impact the right of candidates and voters in elections in the Party function as a public institution that is an integral part of the electoral machinery of the State of South Carolina and every state in the United States.

42. The South Carolina Democratic Party can change its electoral rules for primary processes, but it should, with no hesitancy in submitting those changes for preclearance under Section 5 of the Voting Rights Act, as amended.

43. After all, it was the Democratic Party which led the fight for passage of these

very previsions of the Voting Rights Act after years of countenancing of the very practices which the 1965 Voting Rights Act attacks.

44. Section 5 of the 1965 Voting Rights Act, as amended, stands as the bulwark against any practice which excludes minorities from the electoral process.

45. Section 5 of the 1965 Voting Rights Act, as amended, prohibits changes in elections laws in those state under its jurisdiction, which includes the state of South Carolina, without preclearance by the Attorney General of the United States Department of Justice within 60 calendar days.

46. That although the Attorney General does not interpose any objection to the specific change, Section 5 expressly provides that failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the change.

47. As authorized by Section 5, the United States Department of Justice Civil Rights Division Voting Section reserve the right to reexamine this submission if additional information that would otherwise require an objection comes to its attention during the remainder of the sixty -day review period pursuant to Section 5 of the Voting Rights Act (28 C.R.R. 51.41 and 51.43).

48. On or about September 7, 2004 South Carolina Governor Mark Sanford issued an Executive Order No. 2004-25, to hold a special election for Senate District 30 on September 28, 2004, in accordance with Article 1, Chapter 13, Title 7 of the South Carolina Code of Laws. That Defendant South Carolina submitted a requested to the United States Department of Justice Civil Rights Division Voting Section on September 8, 2004. That on September 10, 2004, Defendant United States Department of Justice

Civil Rights Division Voting Section received Defendant South Carolina's request for Expedited Consideration of a change in election laws. On September 17, 2004, Defendant Joseph Rich, Chief of the Voting Section issued a statement for the Attorney General of the United States that "the Attorney General does not interpose any objection to the specified change." Defendant South Carolina held the election on September 28, 2004 and the run off election on October 12, 2004.

49. As required by Section 5 of the 1965 Voting Rights Act, as amended, procedures for preclearance are clearly stated. Procedures for the administration of Section 5 of the Voting Rights Act is found in 28 C.F.R. Part 51 Subpart C--Contents of Submissions.

50. As required by 28 C.F.R. 51.26 General.

   (a) The source of any information contained in a submission should be identified.
   (b) Where an estimate is provided in lieu of more reliable statistics, the submission should identify the name, position, and qualifications of the person responsible for the estimate and should biefly describe the basis for the estimate.
   (c) Submissions should be no longer than is necessary for presentation of the appropriate information and materials.
   (d) The Attorney General will not accept for review any submission that fails to describe the subject change in sufficient particularity to satisfy the minimum requirements of S 51.27(c).
   (e) A submitting authority that desires the Attorney General to consider any information supplied as part of an earlier submission my incorporate such information by reference stating the date and subject matter of the earlier submission and identifying the relevant information.
   (f) Where information requested by this subpart is relevant but not known or available, or is not applicable, the submission should so state.
   (g) The following Office of Management and Budget control number under the Paperwork Reduction Act applies to the collection of information requirements contained in these procedures: OMB No. 1190-0001 (expires February 28, 1994). See 5 CFR 1320.13. [53

FR 25327, July 6, 1988; 56 FR 26032, June 6, 1991]

51. The Defendant South Carolina is under jurisdiction of the Defendant United States Department of Justice Civil Rights Division Voting Section. On or about Friday, September 17, 2004, Defendant United States Department of Justice Civil Rights Division Voting Section approved the Defendant South Carolina submission for Expedited Consideration for preclearance of change in electoral process.

52. Section 5 of the 1965 Voting Rights Act, as amended, required the contents of Defendant South Carolina submission to include the following information or documents to enable the Defendant Attorney General to make the required determination pursuant to Section 5 with respect to the submitted change affecting voting:

(a) A copy of any ordinance, enactment, order, or regulation embodying a change affecting voting.
(b) A copy of any ordinance, enactment, order regulation embodying the voting practice that is proposed to be repealed, amended, or otherwise changed.
(c) If the change affecting voting either is not readily apparent on the face of the documents, provided under paragraphs (a) and (b) of this section or is not embodied in a document, a clear statement of the change explaining the difference between the submitted change and the prior law or practice, explanatory materials adequate to disclose to the Attorney General the difference between the prior and proposed situation with respect to voting.
(d) The name, title, address, and telephone number of the person making the submission.
(e) The name of the submitting authority and the name of the jurisdiction responsible for the change, if different.
(f) If the submission is not from a State or county, the name of the county and State in which the submitting authority is located.
(g) Identification of the person or body responsible for making the change and the mode of decision (e.g., act of State legislature, ordinance of city council, administrative decision by registrar).
(h) A statement identifying the statutory or other authority under which the jurisdiction undertakes the change and a description of the procedures the jurisdiction was required to follow in deciding to undertake the change.
(i) The date of adoption of the change affecting voting.

    (j) The date on which the change is to take effect.
(k) A statement that the change has not yet been enforced or administered, or an explanation of why such a statement cannot be made.
(l) Where the change will affect less than the entire jurisdiction, an explanation of the scope of the change.
(m) A statement of the reasons for the change.
(n) A statement of the anticipated effect of the change on members of racial or language minority groups.
(o) A statement identifying any past or pending litigation concerning the change or related voting practices.
(p) A statement that the prior practice has been precleared (with the date) or is not subject to the preclearance requirement and a statement that the procedure for the adoption of the change has been precleared (with the date) or is not subject to the preclearance requirement, or an explanation of why such statements cannot be made.

53. The Defendants did not follow the requirements for preclearance as set forth in the Voting Rights Act, as amended, for change in election laws,

54. Pursuant to Section 5 of the 1965 Voting Rights Act, the Defendants are subject to declaratory and injunctive relief to enjoin the enforcement of the change in Defendant South Carolina's voting laws to hold a special election on September 28, 2004 and a Run-off election on October 12, 2004.

## IV. SECOND CLAIM FOR RELIEF
## (Unauthorized Changing of Polling Place)

55. The allegations set forth in Paragraphs 1 through 54 are incorporated herein by reference.

56. Numerous objections were filed with the United States Department of Justice Civil Rights Division Voting Section prior to preclearance of Defendant South Carolina's submission request for Expedited Consideration for preclearance for a change in election laws.

57. Defendant South Carolina changed polling places without preclearance from Defendant United States Department of Justice Civil Rights Division Voting Section.

58. Pursuant to Section 5 of the 1965 Voting Rights Act, as amended, the Defendant South Carolina was required to get preclearance before changing a voting place.

59. Pursuant to Section 5 of the 1965 Voting Rights Act, the Defendants are subject to declaratory and injunctive relief to enjoin the changing of voting laws without preclearance by the United States Department of Justice Civil Rights Division Voting Section.

Respectfully submitted,

Reverend Franklin C. Reaves
308 Tucker Ct.
Mullins, South Carolina 29574

Betty Pee
3907 S. Highway 41
Mullins, South Carolina 29574

Frances S. Huggins
1325 Old Stage Road
Mullins, South Carolina 29574

Susan Crawford
2104 McIntyre Road
Marion, South Carolina 29571

Erica Crawford
3203 Highway 9
Marion, South Carolina 29571

Herbert Franklin
308 Tucker Ct.
Mullins, SC 29574

Louise Franklin
308 Tucker Ct
Mullins, SC 29574

Dr. Tredwell Campbell
308 Tucker Ct
Mullins, SC 29574

Jerry Mason
308 Tucker Ct
Mullins, SC 29574

Fannie Melette
300 Fowler Street
Marion, SC 29571

Lamar Melette
300 Fowler Street
Marion, SC 29571

Lewan Melette
300 Fowler Street
Marion, SC 29571

Betty R. Davis
300 Fowler Street
Marion, SC 29571

David Frazier
910 Sumter St
Florence, SC 29501

Michael Small
910 Sumter St
Florence, SC 29501

Willie Johnson
910 Sumter Street
Florence, SC 29501

Vastena Reaves
Tucker Court
Mullins, SC 29574

Authur McCummings
3500 Godbolt Road
Mullins, SC 9574

Beulah McCummings
3500 Godbolt Road
Mullins, SC 29574

Moniek M. McCummings
3500 Godbolt Road
Mullins, SC 29574

Ashley McCummings
3500 Godbolt Road
Mullins, SC 29574